UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PANKAJ KUMUDCHANDRA PHADNIS,

                Plaintiff,

-against-

TATA AMERICA INTERNATIONAL
CORPORATION; U.S. ATTORNEY FOR THE
SOUTHERN DISTRICT OF NEW YORK,

                Defendants.

**ORDER**

21 Civ. 8542 (ER)

RAMOS, D.J.

On October 15, 2021, Dr. Pankaj Kumudchandra Phadnis, *pro se*, brought this action against Tata America International Corporation (TAIC) and the United States Attorney for the Southern District of New York.[1] Doc. 1. For the reasons that follow, the Court now *sua sponte* dismisses Dr. Phadnis' action against United States Attorney Damian Williams.

    **I.**    **Claims against TAIC**

Dr. Phadnis, a citizen of India, alleges breach of contract by TAIC, a New York corporation. Dr. Phadnis alleges that he entered into an agreement sometime in late December 2016 or early January 2017 with the Tata Trusts, a group of Indian-based charitable trusts, "to initiate legal steps in India and New York to correct the management of an Indian Public Charitable Trust of a New Yorker (IPCT-NY)[2] for the benefit of public charities in New York and

---

[1] Issuance of the summons was delayed due to issues with processing Plaintiff's payment of the filing fee. *See* Docs. 4-10. On December 2, 2021, the Clerk of Court processed the filing fee and issued the summons. Docs. 11-12.

[2] Letters attached to the Complaint indicate that that Dr. Phadnis approached the managing trustee of the Tata Trusts seeking support with raising $500 million for the Prime Minister's National Relief Fund. In part, Dr. Phadnis proposed a plan to file a petition in the New York Surrogates Court for appointment as the executor for an individual who passed away in 1970 and whose will had established the Indian Public Charitable Trust, in order to administer the trust in accordance with the charitable bequests in his will. *See* Doc. 1-4.

India." Doc. 1 at 7. Tata Trusts is TAIC's corporate parent. *Id.*

Dr. Phadnis previously brought an action asserting similar claims against TAIC. *See Phadnis v. Tata Am. Int'l Corp.*, 20 Civ. 6657 (VEC) (KHP), Doc. 1. In that case, TAIC moved to dismiss for failure to state a claim, arguing that any agreement was with the Tata Trusts and not with TAIC. The court granted the motion and dismissed Dr. Phadnis' complaint without prejudice to amend on the basis that TAIC was "the wrong party." *Phadnis v. Tata Am. Int'l Corp.*, No. 20 Civ. 6657 (VEC), 2021 WL 1164496, at *1 (S.D.N.Y. Mar. 25, 2021). Dr. Phadnis thereafter sought to amend his complaint to add other Indian entities as defendants, which motion the court denied with prejudice as such amendment would destroy diversity between the parties and divest the court of subject matter jurisdiction. *Phadnis v. Tata Am. Int'l Corp.*, No. 20 Civ. 6657 (VEC), 2021 WL 3374542, at *2 (S.D.N.Y. Aug. 3, 2021).

Dr. Phadnis' instant complaint alleges that TAIC is the proper defendant because the Tata Trusts assigned their interest in the agreement to TAIC in approximately August 2018. *See* Doc. 1 at 7. Under the terms of the alleged agreement, Dr. Phadnis was to perform certain charitable and fundraising work in India and New York, and the Tata Trusts would provide Dr. Phadnis with living expenses while in New York, travel and legal fees, and "financial protection" for him and his wife. *Id.* at 13-15. Dr. Phadnis seeks $3,999,384 from TAIC for reimbursement of past expenses, "financial security" for his family members, and other payments that he alleges are due under the contract. *Id.* at 9.

## II.    Claims against the United States Attorney

Dr. Phadnis' action against the United States Attorney "is limited to him opining on whether or not the Plaintiff's performance of the New York agreement . . . meets the requirements of National Interest Waiver" for the purposes of a seeking an employment-based

2

immigrant visa, and if his work does meet those requirements, assistance in "speedily" obtaining such a visa.[3]  Doc. 1 at 11.  Although Dr. Phadnis indicates that the issue of his visa eligibility confers federal question jurisdiction, Doc. 1 at 10, these claims must be dismissed

The Court has the authority to dismiss a complaint, even when the plaintiff has paid the filing fee, if it determines that the action is frivolous.  *Bey v. Trump*, No. 20 Civ. 5574 (ER), 2020 WL 4340612, at *1 (S.D.N.Y. July 27, 2020) (citing *Fitzgerald v. First E. Seventh Tenants Corp.*, 221 F.3d 362, 363-64 ((2d Cir. 2000)).  However, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

In the first instance, the Complaint—which repeatedly indicates that Dr. Phadnis seeks the United States Attorney's opinion on his eligibility for an immigration benefit—expressly seeks an advisory opinion.  Thus, the Complaint does not present any case or controversy as required by Article III of the Constitution.  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy, and a federal court [lacks] the power to render advisory opinions."  *See U.S. Nat. Bank of Oregon v. Indep. Ins. Agents of Am., Inc.*, 508 U.S. 439, 446 (1993) (internal quotation marks and citations omitted); *see also*

---

[3] The Complaint indicates that Dr. Phadnis, who has thus far traveled between India and New York on a non-immigrant visa, requires an immigrant visa in order to maintain a New York domicile such that he may be eligible for appointment as a trustee under N.Y. Surr. Ct. Proc. Act § 1502.  Doc. 1 at 10-11.  Specifically, Dr. Phadnis seeks clarification about his eligibility for, and assistance in obtaining, an EB-1A or EB-2 visa.  EB-1A visas are available to non-citizens who are able to "demonstrate extraordinary ability in the sciences, arts, education, business, or athletics through sustained national or international acclaim."  *See* https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-first-preference-eb-1 (last accessed December 2, 2021).  EB-2 visas are available to non-citizens who hold an advanced degree or who show exceptional ability in the sciences, arts, or business and who meet the requirements of labor certification; visa petitioners who receive a national interest waiver are not required to complete the labor certification process.  *See* https://www.uscis.gov/working-in-the-united-states/permanent-workers/employment-based-immigration-second-preference-eb-2 (last accessed December 2, 2021).

*Princeton Univ. v. Schmid*, 455 U.S. 100, 102 (1982).  Because there is no indication that Dr. Phadnis has submitted any petition for an immigrant visa to the United States government, there is no actual case or controversy concerning his eligibility for such a benefit.

To the extent Dr. Phadnis' action may be construed as a petition for a writ of mandamus, it is dismissed.  "The strict requirements for mandamus relief are well established." *Gong v. Duke*, 282 F. Supp. 3d 566, 568 (E.D.N.Y. 2017).  These requirements are:  "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; and (3) no other adequate remedy available." *Anderson v. Bowen*, 881 F.2d 1, 5 (2d Cir. 1989) (internal quotation marks and citations omitted).  As Dr. Phadnis does not indicate that he has submitted any petition to the United States government for either an EB-1A or EB-2 visa, he cannot establish a clear right to such relief.  In order to be able to bring a claim for mandamus, Dr. Phadnis would, at minimum, have to have an I-140 or other immigrant visa petition pending adjudication.

### III. Conclusion

For the reasons set forth above, the Court dismisses *sua sponte* Dr. Phadnis' claims against the United States Attorney for the Southern District of New York.  The Clerk of Court is respectfully directed to terminate the United States Attorney as a defendant in this matter.

It is SO ORDERED.

Dated: December 3, 2021
       New York, New York

_____
Edgardo Ramos, U.S.D.J.